IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| PETER ALLAN TREADWAY JR, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-00353-RJC-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| MR. ZAKEN, SUPERINTENDENT, SCI | ) | |
| GREENE; TOM WOLF, GOVERNOR; | ) | |
| JOHN WETZEL, SECRETARY, | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS; TRACY SHALLY, | ) | |
| FORMER SECRETARY, CURRENT UNIT | ) | |
| MANAGEMENT C BLOCK; MR. | ) | |
| SABANDA, HEAD OF RELIGOUS | ) | |
| SERVICES AT SCI GREENE; MR. | ) | |
| BASKIN, SUNDAY SERVICES; MR. | ) | |
| MALCOM, THE CATHOLIC PRIEST; | ) | |
| GERALD MALCOLM MCDONALD; MR. | ) | |
| VIOLA, YOKE FELLOWSHIP; JAMES | ) | |
| VIOLA; AND STEPHEN BUZAS, | ) | |
| DEPUTY SUPERINTENDENT; | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Cynthia Reed Eddy, Chief United States Magistrate Judge.

### I.    RECOMMENDATION

This civil action was initiated pro se in this Court on March 16, 2021 by Plaintiff Peter Allan Treadway, Jr., an inmate currently in custody with the Pennsylvania Department of Corrections and housed at State Correctional Institution ("SCI") at Frackville. Plaintiff voluntarily dismissed his case and now seeks to reopen it. For the reasons that follow, it is respectfully recommended that Plaintiff's Motion to Reopen the Case ECF No. 62 be denied and this case remain dismissed.

1

## II.    REPORT

### a.    Background

This case was initiated by Plaintiff pro se and proceeding *in forma pauperis* against many Defendants, all of whom were properly served and entered appearances in this action. ECF Nos. 30, 33, 34.  As of this date, no Defendant filed an answer to Plaintiff's complaint, and prior to Plaintiff's voluntary dismissal, there was a pending motion to dismiss filed by Defendants Baskin, Buzzas, Sabanda, Shally, Wetzel, Wolf and Zaken on January 27, 2022. ECF No. 36, 37.  Plaintiff belatedly filed a response to the motion to dismiss on March 29, 2022. ECF No. 47.

On June 28. 2022, Plaintiff submitted a document to this Court stating "I <u>withdraw</u> my 1983(sic) <u>civil action</u> . . . case no. <u>2:21cv00353</u> I withdraw. It is <u>finished</u>…" ECF No. 60 at 1 (emphasis in original).  This filing was construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and the case was considered voluntarily dismissed and marked closed. ECF No. 61.

Thereafter, on July 7, 2022, Plaintiff submitted a filing indicating that he had just received certain Orders of this Court and a "trial notice" for this case, if he knew of the trial notice, he would not have withdrawn his action, and while he did withdraw his action "it was cause(sic) a judge told me I can't argue about an attorinies(sic) oath to up hold rights[.]"  ECF No. 62 at 2-4.  Due to the liberal construction afforded to pro se litigants, this filing will be construed as a Motion to Reopen the Case.

### b.    Discussion

Pursuant to Fed. R. Civ. P. 41, a plaintiff without a court order may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i).  "Rule 41 has a set of procedures in place

whereby a plaintiff may proceed with caution in refiling the complaint, as a way to discourage plaintiffs from repeatedly filing and voluntarily dismissing complaints in federal court." *Thomas v. Ramapo Coll. of New Jersey*, No. CIV.A. 10-3898, 2011 WL 3206448, at \*2 (D.N.J. July 27, 2011). The Rule "makes clear that a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order, nor does it require the approval of the court." *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016). *See also Blair v. Comprehensive Healthcare Mgt. Services, LLC*, 2:18-CV-1667, 2021 WL 3855931, at \*3 (W.D. Pa. Aug. 27, 2021). Because a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order or approval, [the Court of Appeals for the Third Circuit has] held that '[t]he entry of such a stipulation of dismissal is effective automatically.' " *State Nat'l Ins. Co*, 824 F.3d at 406 (quoting *First Nat. Bank of Toms River, N. J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969)). A stipulation to dismiss under Rule 41(a)(1)(A) is "immediately self-executing. No separate entry or order is required to effectuate the dismissal." *State Nat'l Ins. Co*, 824 F.3d at 406–07 (footnotes omitted).[1] Once a plaintiff files a voluntary stipulation, "the action on the merits is at an end[,]" and "[a]ny action by the district court after the filing of [the Stipulation of Dismissal] can have no force or effect because the matter has already been dismissed. A voluntary dismissal deprives the District Court of jurisdiction over the action." *Id.* (citations and footnotes omitted) (alterations in original).

While a voluntary dismissal with prejudice is considered a final judgment, "a voluntary dismissal without prejudice is not a final judgment. It 'effectively erases the dismissed action and permits the initiation of a second action, but it is neither final nor appealable.' " *Bulut v. JP Morgan Chase Bank, N.A.*, No. CV 18-9303, 2022 WL 1213480, at \*2 (D.N.J. Apr. 25, 2022) (quoting 9

---

[1] While the court of appeals was addressing Fed. R. Civ. P. 41(a)(1)(A)(ii), there is no substantive difference between that provision and Fed. R. Civ. P. 41(a)(1)(A)(i) related to not needing a separate order or entry to effectuate the dismissal.

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (4th ed. 2008)). Under Rule 41(a)(1), a voluntary dismissal is without prejudice unless the notice or stipulation states otherwise. Fed. R. Civ. P. 41(a)(1)(B). Here, the notice filed by Plaintiff was silent as to whether the voluntary dismissal was made with or without prejudice, so it will be assumed the dismissal was made without prejudice. A voluntary dismissal without prejudice "is not a final decision because the plaintiff may refile the complaint." *S.B. v. KinderCare Learning Centers, LLC*, 815 F.3d 150, 152 (3d Cir. 2016). Because Plaintiff voluntarily dismissed this action pursuant to Rule 41(a), "the proper procedure is to require [Plaintiff] to file a new civil action rather than reopen an action that was deemed voluntarily dismissed." *Baxter v. Atl. Care Main Pomona Hosp.*, No. CIV. 13-7876 RBK JS, 2015 WL 715012, at *1 (D.N.J. Feb. 19, 2015). When Plaintiff filed his voluntary dismissal, his case was removed from the docket, and he may not restore the case to the active docket by simply moving to reopen. *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 132 (3d Cir. 2004) (Alito, dissenting); *Braun v. Gonzales*, No. CIV. 11-186-RGA, 2013 WL 1405946, at *1 (D. Del. Apr. 8, 2013). Instead, his recourse is to "refile the complaint, assuming [his] claims are not time-barred." *Penn W. Assocs., Inc.*, 371 F.3d at 132 (Alito, dissenting).

Alternatively, even if Plaintiff's voluntary dismissal without prejudice eventually ripened into a dismissal with prejudice because his claims were time-barred, Plaintiff does not qualify for relief under Federal Rule of Civil Procedure 60(b).[2] *Penn W. Assocs., Inc.*, 371 F.3d at 132 (Alito,

---

[2] The events giving rise to Plaintiff's claims occurred between March 2020 and September 2021. Am. Compl. ECF No. 11 at p. 5. Plaintiff claims that he filed a grievance in relation to his claims asserted here which was denied and indicated that he completed the appeals process, but does not provide any information related to when this grievance process took place. *Id*. at 7. No finding is made as to whether Plaintiff's claims are time-barred, and the undersigned is mindful that under the Prison Litigation Reform Act ("PLRA"), the statute of limitations for section 1983 claims are tolled pending exhaustion of administrative remedies. *Pearson v. Sec'y Dep't of Corr.*,

4

dissenting).  Fed. R. Civ. P. 60(b) authorizes a court to relieve a party from a final judgment, order

or proceeding where there is:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).  Subsections (2), (3), (4), and (5) do not apply under these

circumstances, as Plaintiff voluntarily dismissed his action.  Therefore, the Court will consider

subsections (1) and (6). "[T]he Rule 60(b)(6) ground for relief from judgment provides for

extraordinary relief and may only be invoked upon a showing of exceptional circumstances."

*Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper*

*Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)).  A party seeking relief under Rule 60(b)(6)

must show that without relief "an extreme and unexpected hardship will result." *Budget Blinds,*

*Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).  Importantly here, "in cases where parties make a

'deliberate, strategic choice' that is 'not the result of mistake or excusable neglect' to voluntarily

dismiss a matter under Rule 41, 'it should not be undone via Rule 60(b).' " *Bulut*, 2022 WL

1213480, at *2–3 (quoting *Thomas*, 2011 WL 3206448, at *3).

To the extent that Plaintiff believes this Court entered a trial order and because he believes

---

775 F.3d 598, 602–03 (3d Cir. 2015) (two-year statute of limitations applies to section 1983 claims in Pennsylvania).  Given Plaintiff's assertion that he has adequately grieved his claims thus far and that his claims were tolled during the grievance process, it is possible that the statute of limitations on his claims have not expired; however, without the benefit of a completed record, the undersigned will conduct an analysis under Rule 60(b) should Plaintiff's claims be time-barred.

this case will proceed to trial, he seeks to reopen it, his argument misapprehends the procedural juncture of this case and does not constitute a mistake. The Order Plaintiff cites as a trial order was an administrative order for the parties to complete "an election form either consenting to jurisdiction by the Magistrate Judge or electing to have a District Judge assigned to the case" ECF No. 55, and in no way made any determination on the merits of this case or whether it would proceed to trial. In fact, at that point, there was a pending motion to dismiss this case. No reasonable reading of that administrative order can support Plaintiff's argument that the Court set this case for trial or made any decisions on the merits as to his claim and does not support a finding of mistake or neglect.

Moreover, Plaintiff's argument that this Court's denial of his motion seeking disbarment of the defense attorney in this action somehow foreclosed his action is likewise not mistake or excusable neglect in Plaintiff voluntarily dismissing his action. In that instance, Plaintiff sought the "disbarment" of the defense attorney who entered an appearance in this case for violating an undisclosed "oath of office" for seemingly defending against Plaintiff's action and filing a motion to dismiss. ECF No. 46. The Court denied that motion stating: "The Court is not the proper authority to investigate such allegations. Further, defense counsel has not engaged in any misconduct in this case by filing a motion that is allowed pursuant to the Federal Rules of Civil Procedure." ECF No. 50. No reasonable reading of that Order can support a finding that the Court made any determination as to the merits of Plaintiff's claims such that it was reasonable for him to believe the Court dismissed his claims and does not support a finding of mistake or excusable neglect. Plaintiff does not offer any other justifiable reason for relief under Rule 60(b); he made the unilateral decision to voluntarily dismiss his action and cannot "now reopen this matter as a back-up plan[.]" *Bulut*, 2022 WL 1213480, at *2–3.

6

c. Conclusion

Accordingly, based on the foregoing, it is respectfully recommended that Plaintiff's motion to reopen ECF No. 62 be denied and this case remain dismissed.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed. R. Civ. P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, must file written objections, if any, to this Report and Recommendation by **August 2, 2022** and Defendants, because they are electronically registered parties, must file written objections, if any, by **July 28, 2022**. The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). See also *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

Dated: July 14, 2022.

Respectfully submitted,
s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:    Honorable Robert J. Colville
       United States District Judge
       *via electronic filing*

       PETER ALLAN TREADWAY, JR
       KH5017
       SCI-FRACKVILLE
       1111 ALTAMONT BLVD.
       FRACKVILLE, PA 17931

       MALCOM
       2600 Morange Road
       Pittsburgh, PA 15205

7

VIOLA
108 Broughton Road
Bethel Park, PA 15102

Attorney(s) of record
*via CM/ECF electronic filing*